IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

JENNIFER KENNEY,

    PLAINTIFF,

    *v.*

UNITED STATES OF AMERICA,

    DEFENDANT.

Civil Action No. 3:16-CV-27-TCB

## **DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant United States of America, by and through counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure moves this Court for summary judgment in favor of Defendant on Plaintiff Jennifer Kenney's sole cause of action for negligence. The grounds for this motion are set forth more fully in the attached memorandum.

1

Respectfully Submitted,

JOHN A. HORN
UNITED STATES ATTORNEY

/s/ Armen Adzhemyan
ARMEN ADZHEMYAN
ASSISTANT UNITED STATES ATTORNEY
GA Bar: 120079
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
Tel: (404) 581-6000
Fax: (404) 581-6181
Armen.Adzhemyan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

|  |  |
|---|---|
| JENNIFER KENNEY,<br><br>PLAINTIFF,<br><br>*v.*<br><br>UNITED STATES OF AMERICA,<br><br>DEFENDANT. | Civil Action No. 3:16-CV-27-TCB |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR**

**SUMMARY JUDGMENT**

On July 26, 2014, Plaintiff Jennifer Kenney walked backwards out of her own house—negotiating, though without looking, a door jamb several inches high, a brick overhang, and a porch step five or six inches high. Plaintiff tripped on something, causing Plaintiff to fall backwards. After the fall, Plaintiff assumed a package caused her fall and that a letter carrier for the United States Postal Service ("USPS") negligently placed the package at her front porch step.

*First*, the court should enter summary judgment for the United States because Plaintiff lacks evidence of negligence or causation other than her assumptions. But under the Federal Tort Claim Act ("FTCA"), the United States

has not waived sovereign immunity for presumed negligence.[1] ***Second***, summary judgment is warranted because Plaintiff, as the homeowner, is imputed constructive knowledge of the package equal to if not greater than the United States as a matter of law. Therefore, Plaintiff cannot recover from the United States for any purported hazard that is equally known to her. ***Finally***, at a minimum, the Court should dismiss Plaintiff's $50,000 demand for pain and suffering because Plaintiff is including medical injuries wholly untethered from any fall allegedly caused by the United States, such as injuries sustained a few weeks after July 26, 2014 while dancing at a friend's birthday party.

## I.   BACKGROUND

### A.   Procedural History

Plaintiff asserts a single tort cause of action against the United States arising from a fall that occurred in Georgia, purportedly caused by a letter carrier working for the USPS. Plaintiff timely submitted an administrative tort claim to

---

[1] As detailed below, the dearth of evidence of negligence or causation is exacerbated by Plaintiff's own misconduct in discarding the package precisely around the time she filed an administrative claim with the USPS and nearly five months *after* retaining counsel. As a result, the United States is unable to test some of the more basic and foundational elements of Plaintiff's assumptions.

the USPS under the FTCA before filing this complaint. The parties conducted

discovery and the United States now moves for summary judgment.

**B.      Facts Supporting Defendant's Motion for Summary Judgment**

Given the strictures of LR 56.1B(1), Defendant incorporates by reference its

Statement of Undisputed Facts in Support of Defendant's Motion for Summary

Judgment ("DSF"), which is filed contemporaneously with this Memorandum.

Each fact set out in the numbered statements in DSF includes citations to record

evidence supporting the fact. The key facts are summarized here.

Plaintiff alleges that the negligent placement of a package on the first step

of her porch caused her to fall and injure herself. DSF 11. But Plaintiff did not see

anyone negligently place the package. DSF 12. Likewise, Plaintiff did not see her

feet touch the package. DSF 14. Plaintiff "assume[d]" a letter carrier negligently

placed the package on her porch. DSF 12, 14. Plaintiff bases the assumption on

seeing a package at her feet nearly fifteen minutes after her fall. DSF 14.

However, the carrier assigned Plaintiff's route on July 26, 2014 never placed any

package in Plaintiff's presumed location. DSF 13. Thus, Plaintiff's assumptions

are the sole evidence of any wrongful act by the USPS. DSF 15. Furthermore,

because Plaintiff discarded the package at issue five months after retaining

counsel and around the same time as Plaintiff's administrative tort claim, the United States cannot test Plaintiff's assumptions. DSF 4, 21.

## II.   LEGAL STANDARD

### A.   Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment will be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party bears the initial burden of asserting the basis of the motion, *Celotex*, 477 U.S. at 323, and that burden is a light one. The moving party is not required to negate the opponent's claim. *Id.* Rather, the moving party may discharge this burden merely by "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Id*. at 325. When this burden is met, the non-moving party is then required to "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324.

Mere allegations or denials of the adverse party's pleadings are not enough to prevent summary judgment. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead must come forward with specific facts showing there is a genuine issue for trial. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). An issue is not genuine if it is created by evidence that is "merely colorable" or conclusory, or is "not significantly probative." *Anderson*, 477 U.S. at 249-50; *Young v. General Foods Corp.*, 840 F.2d 825, 828 (11th Cir. 1988). Thus, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of every element essential to his case, so as to create a genuine issue for trial. *Celotex*, 477 U.S. at 323. The ultimate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## B.    Sovereign Immunity Bars Plaintiff's Claim

The USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. As a result of its status, the USPS "enjoys federal sovereign immunity absent a waiver." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 484 (2007). "[T]he terms of [the United States'] consent to be

5

sued in any court define that court's jurisdiction to entertain suit." *United States v. Testan*, 424 U.S. 392, 399 (1976). The waiver of sovereign immunity cannot be implied, it must be unequivocally expressed. *Id.* Questions as to whether the United States has waived its sovereign immunity must be strictly construed in favor of the United States. *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986); *Ewing and Thomas, P.A. v. Heye*, 803 F.2d 613, 616 (11th Cir. 1986).

Under the FTCA, the United States has waived sovereign immunity only if personal injury is "caused by the negligent or wrongful act or omission of any employee of the government" and "under circumstances where the United States, if a private person, would be liable to the claimant" under Georgia law. *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (citing 28 U.S.C. § 1346(b)). Thus, if Plaintiff cannot establish any negligent act by a USPS employee, then a court lacks jurisdiction to adjudicate Plaintiff's negligence claim. Likewise, if Plaintiff cannot recover against a private individual under Georgia law, then the court lacks jurisdiction to adjudicate the claim.[2]

---

[2] In other words, the United States has not waived sovereign immunity for any suits where a plaintiff cannot prove negligent acts or omissions. Whether viewed as a threshold jurisdictional question or as an essential element of a negligence claim under Georgia law, the result is the same—the United States is entitled to summary judgment because Plaintiff cannot point to any evidence showing any negligent act or omission by the USPS.

In this slip and fall action, the law to be applied is that of the location of the fall—Georgia. *See Tisdale v. United States,* 838 F.Supp. 592, 597 (N.D.Ga. 1993) *aff'd*, 62 F.3d 1367 (11th Cir. 1995) ("To determine whether the United States can be held liable under the FTCA based on its ownership of the property, this court must apply Georgia law because Georgia is the place where the incident occurred."). Under Georgia law, negligence is defined as "the absence of ordinary diligence." O.C.G.A. § 51-1-2. "Negligence cannot be presumed; on the contrary, performance of a duty and freedom from negligence is presumed." *Johnson v. Ellis*, 179 Ga.App. 343, 345-46 (1986). Under Georgia law, a plaintiff must establish four elements to state a cause of action for negligence:

(1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risk of harm;
(2) A breach of this standard;
(3) A legal attributable causal connection between the conduct and the resulting injury; and
(4) Some loss or damage flowing to the plaintiff's legally protected interested as a result of the alleged breach of legal duty.

*Galanti v. United States*, 709 F.2d 706, 708-09 (11th Cir. 1983). "Negligence is predicated on faulty or defective foresight rather than on hindsight which reveals a mistake." *Ellington v. Tolar Const. Co.*, 237 Ga. 235, 238 (1976).

## III.   ARGUMENT

Summary judgment should be entered in favor of the United States because Plaintiff cannot presume breach and causation. On the contrary, the FTCA and Georgia law bar Plaintiff's claims from proceeding further when, as here, they are based on mere conjectures. Moreover, even assuming, *arguendo*, that the carrier negligently placed the package, summary judgment is warranted because Georgia law imputes upon Plaintiff homeowner equal, if not greater, knowledge of any hazard. Finally, at a minimum, Plaintiff's mishmash of injuries fail to establish any prolonged pain and suffering beyond her actual medical expenses immediately following her fall.

### A.   The FTCA and Georgia Law Bar Plaintiff's Claim Because Plaintiff Lacks Evidence that USPS Negligence Caused Her Fall

The Court should grant summary judgment in favor of the United States because Plaintiff cannot establish any negligent act or omission by any USPS employee caused her injuries. Plaintiff's mere assumption that the USPS negligently placed the package on the front step is insufficient to establish a *prima facie* negligence claim—let alone waive sovereign immunity. In other words, Plaintiff presumes the USPS negligently caused her fall based on nothing

more than evidence of the fall and a nearby package. But neither the FTCA nor Georgia law permit such guesswork to go before a factfinder.

Plaintiff's claim is based entirely on the purported placement of the package by a USPS employee on the first step of her porch in front of her front door. DSF 11. But, Plaintiff offers no evidence that the USPS placed the package on the first step to cause her fall. For example, Plaintiff did not see the letter carrier leave the package at her door-step. DSF 12. And the letter carrier assigned the route in question never leaves packages in the manner Plaintiff alleges. DSF 13. Confirming the letter carrier's testimony, Plaintiff admitted that the USPS never left a package at the presumed location either before or after the accident. DSF 13. Despite the unusual location of the package that day and Plaintiff's claimed injuries, Plaintiff never spoke with the carrier regarding what had transpired. *Id*. Lacking any evidence of any negligent act by the letter carrier, Plaintiff could only "assume it would have had to have been the mailman" because she saw the package at her feet fifteen minutes after her fall. DSF 12, 14. Even though Plaintiff did not see anyone from the USPS place the package at her front step—Plaintiff assumed she tripped on the package due to the negligent placement of the package by the USPS. DSF 14, 15.

9

But "[n]egligence cannot be presumed . . . ." *Johnson*, 179 Ga.App. at 345-46. Rather, negligence "is a matter for affirmative proof . . . ." *Wise v. Tidal Const. Co.*, 270 Ga.App. 725, 728 (2004) (internal marks and citations omitted). "In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence." *Id*. Here, Plaintiff lacks any "affirmative proof of negligence. " *Id.* First, Plaintiff did not observe the placement of the package. DSF 12. Rather, Plaintiff could only "assume it would have had to have been the mailman" based on the fact that the package was at her feet when she came to fifteen minutes after her fall. DSF 12, 14, 15. Such guessing as to breach and causation cannot withstand summary judgment. *See Galullo v. Federal Exp. Corp.*, 937 F.Supp. 392, 399 (E.D.Pa. 1996).

*Gadullo* is particularly instructive because like Ms. Kenney, the plaintiff in *Galdullo* "slipped on 'something wet' and assume[d] that it must have been the letterpack which was later found under a tractor, approximately ten (10) to fifteen (15) feet from where she fell." *Id*. Plaintiff sued the private parcel delivery company for negligent placement of the letterpack based on her post-fall observations and presumptions. *Id*. at 394. The court granted summary judgment in favor of Fed Ex because that plaintiff's assumption about the cause of her fall "is nothing more than pure speculation and conjecture . . . Without any evidence

10

as to what caused her fall, a jury would be left to speculate whether the letterpack was the cause in fact of her injuries and such speculation by a jury is not permitted." *Id*. at 399. Although *Gadullo* applied Pennsylvania tort law, Georgia law is the same. *See, e.g.*, *Norman v. Jones Lang Lasalle Ams., Inc.*, 277 Ga.App. 621, 624 (2006) (Summary judgment upheld because plaintiff "acknowledged that she does not know who placed the boxes on the floor. Further, [defendant] specifically denied that it placed the boxes on the floor").[3]

Plaintiff's assumptions are even flimsier than the assumptions rejected by the *Gadullo* court. For example, direct evidence from the letter carrier assigned the route that day contradicts Plaintiff's assumptions because the carrier avers he

---

[3] In *Gadullo*, the District Court also granted summary judgment on the alternative ground that plaintiff could not establish foreseeability because "there has been no showing that in following Federal Express policy the courier did any act or failed to do any act that a reasonably careful person would have foreseen as likely to injure or even endanger anyone. Nevertheless, even if it was foreseeable that there was a risk of someone slipping on the letterpack at issue, I find such a risk to be slight and far outweighed by the social value of Defendant's released-package procedures." *Galullo*, 937 F.Supp. at 400. The argument applies with equal force to the purported breach here. Even if the letter carrier left the package at Plaintiff's front porch step as presumed, the carrier's conduct was entirely consistent with USPS manuals, which have the force of federal regulation. DSF 28 ("uninsured parcels or parcels that do not require a signature may be left in an unprotected location, such as a stairway or uncovered porch"); *see also* 39 C.F.R. § 211.2(a)(2) ("The regulation of the Postal Service consists of . . . the Postal Operations Manual").

would never place a package in the manner alleged by Plaintiff. DSF 13.

Additionally, public weather reports indicate winds blowing between seven and

nine miles per hour between 9 am and shortly after noon, *i.e.* around the time of

the package delivery. DSF 16. Thus, it is just as likely that the package was

properly placed against Plaintiff's house and was knocked over by a gust of

wind. *Sharfuddin v. Drug Emporium*, 230 Ga.App. 678, 683 (1998) (plaintiff not

entitled to inference that defendant caused spill because such inference is

unreasonable when there is evidence that spill could have come from other

sources). Nor can Plaintiff exclude the possibility that a neighbor or a passer-by

tampered with the placement of the package (DSF 17), which further precludes

any causation. *Sams v. Wal-Mart Stores, Inc.*, 228 Ga.App. 314, 315 (1997)

(upholding summary judgment because "neither [plaintiffs] were able to testify

from where the cookware allegedly fell or how it had been stacked prior to the

incident at issue. Because the boxes were within the reach of other customers,

Sams cannot show that Wal-Mart retained exclusive control over them.").

    Lacking any evidence of negligence or causation, Plaintiff only offers the

"mere possibility" based on "pure speculation or conjecture" that the USPS

negligently placed the package at her porch step. *Chumley v. Howell*, No. 1:12-cv-

01219, 2013 WL 12064278, at *1 (N.D.Ga. June 12, 2013) (quoting *Pennington v.*

*WJL, Inc.*, 253 Ga.App. 758, 760 (2003)).[4] But Plaintiff's assumption that USPS caused her fall cannot withstand summary judgment, consistent with "a plethora of cases in which Georgia appellate courts have repeatedly affirmed the awards of summary judgment to defendants when plaintiffs are unable to identify the causes of their injuries." *Shinn v. AMF Bowling Center, Inc.*, No. 1:07-CV-0235, 2008 WL 687324, at *3 (N.D.Ga. Mar. 11, 2008) ("speculations, taken in the light most favorable to her, are merely conclusions and are probative of nothing.").

The only evidence produced by the Plaintiff regarding the *existence* of the package—let alone its purportedly negligent placement—are a series of photographs taken in February 2015, over six months after Plaintiff's fall. DSF 5. Thus, the photographs do not evidence the placement of the package on July 26, 2014; rather, they reflect nothing more than Plaintiff's assumptions. DSF 15. But Plaintiff may not create a genuine issue of material fact by simply reassembling

---

[4] *See also Barclay v. Stephenson*, 337 Ga.App. 365, 368 (2016) ("Stephenson and his wife offered no evidence that the Johnsons disturbed the ladder before it collapsed, and the Johnsons unequivocally denied touching it . . . To conclude, in the face of such evidence, that the Johnsons caused the ladder to fall would be mere conjecture . . . Thus, where a plaintiff's proof of causation in a negligence case is based on mere possibilities, or the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it is the duty of the trial court to grant summary judgment for the defendant") (marks and citations omitted).

the scene of the accident. *Hollis v. Callaway Gardens Resort, Inc.*, No. 4:05-CV-147(CDL), 2008 WL 504396, at *3–5 (M.D.Ga. Feb. 21, 2008) ("inspection of the reassembled dance floor is not enough to create a genuine issue about the existence of gaps in the dance floor at the time of the fall."). "A photograph taken [six months] after [Plaintiff's] fall does not create a genuine issue about" the placement of the package "at the time she fell." *Pinckney v. Covington Athletic Club and Fitness Center*, 288 Ga.App. 891, 893 (2007).

Finally, the dearth of evidence of breach or causation is amplified by Plaintiff's own misconduct in discarding the package, nearly five months after retaining counsel and around the same time as filing her administrative claim. DSF 6-10. As one example of prejudice, the tracking number on the package is illegible from Plaintiff's photograph. DSF 15. More importantly, the discarded package precludes the United States from establishing basic, foundational facts essential to its defense. For example, Plaintiff could not recall basic facts about the package (DSF 4), such as the package dimensions (three to six inches per side of the triangle and 12 to 18 inches long), the package weight ("probably really light . . . but it was heavy, too"), or even whether the package was visible to her when she exited her house or hidden from view as she claims (DSF 21). As a result of Plaintiff's spoliation, the United States cannot determine such basic and

14

fundamental issues as the size and weight of the package, the visibility of the package, or whether Plaintiff even stepped on the package. DSF 4, 15, 21.

Plaintiff should not fill this void of information (caused by her own misconduct) with self-serving assumptions, which includes Plaintiff's photographs of the package taken six months after the fall. At the present summary judgment stage, because the evidence is construed in light most favorable to Plaintiff, the United States does not object to the use of the photographs consistent with their probative value, *i.e.* as evidence of Plaintiff's assumptions regarding the cause of her fall. However, photographs taken after-the-fact based on Plaintiff's assumptions of what may have happened cannot create a genuine issue of material fact as to causation.[5]

---

[5] If this matter proceeds beyond the summary judgment stage, the United States intends to move to exclude the photographs. Plaintiff threw away the sole physical evidence at the heart of this dispute. In the Eleventh Circuit, spoliation sanctions, such as exclusion or an adverse inference instruction, are warranted if "(1) the missing evidence existed at one time; (2) [Plaintiff] had a duty to preserve the evidence; and (3) the evidence was crucial to [opposing party]" and if the "absence of that evidence is predicated on bad faith, such as where a party purposely loses or destroys relevant evidence." *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 770 F.Supp.2d 1299, 1305 (N.D.Ga. 2011) (internal marks and citations omitted). Moreover, bad faith does not mean malice. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 946 (11th Cir. 2005) ("The court should weigh the degree of the spoliator's culpability against the prejudice to the opposing party"). The United States is prepared to show how each of the

In sum, Plaintiff's core allegation of negligent placement of a package and resulting fall rests on a series of assumptions. First, despite discarding the package, Plaintiff assumes it was placed on the front step of her porch in front of her door by the USPS—as opposed to the package falling over due to wind or being moved by a neighbor—causing her to fall. Stripped of any assumption, Plaintiff's case rests only upon evidence of a fall and a package at her feet. But "[p]roof of a fall, without more, does not create liability . . . ."[6] Thus, because "plaintiff can only speculate as to what caused a fall" summary judgment is warranted. *Hollis*, 2008 WL 504396 at *3.

## B.     Plaintiff Homeowner's Constructive Knowledge of the Package Bars Recovery as a Matter of Law

At the time of her fall, Plaintiff owned the house at 525 East College Street.

---

elements for exclusion or an adverse inference instruction has been met in this case.

[6] *Flagstar Enterprises, Inc. v. Burch*, 267 Ga.App. 856, 856-57 (2004) ("A plaintiff cannot rely upon speculation to establish what caused him to slip and fall. Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment. Burch had to prove more than the existence of a slick or wet floor.") (internal marks and citations omitted); *Christopher v. Donna's Country Store*, 236 Ga.App. 219, 220 (1999) ("Christopher failed to make such a showing. She could only speculate that a greasy substance caused her to slip and fall because such a substance was found on her clothing after she fell. This is insufficient to prove negligence by the Hardens."); *Shinn*, 2008 WL 687324, at *3.

DSF 1. As a result, Plaintiff cannot bring a traditional premises liability claim to recover for her fall unless she sues herself. But Plaintiff's creative pleading of ordinary negligence against the United States does not vitiate knowledge imputed to Plaintiff homeowner as a matter of Georgia law. For example, Plaintiff, as the homeowner, is imputed constructive knowledge of any hazard on her property, even those caused by third parties. *Clark v. Carla Gay Dress Co., Inc.*, 178 Ga.App. 157, 159–60 (1986) ("If the proprietor did not know of the condition at all, he may be liable still for the negligent failure to exercise a duty to inspect the premises and keep them safe"). Indeed, Georgia law imposes a nondelegable duty on the owner "to inspect the premises to discover possible dangerous conditions of which he does not know . . . ." *Thomas v. Home Depot, U.S.A., Inc.*, 284 Ga.App. 699, 701 (2007) (citations omitted). Consequently, the owner/occupier is "on constructive notice of what a reasonable inspection would reveal." *Jackson v. Waffle House, Inc.*, 245 Ga.App. 371, 373 (2000).

In other words, whether Plaintiff should have been looking at her feet while stepping backwards over a door jamb and a brick overhang and onto a porch step several inches high is simply irrelevant.[7] As the homeowner, the

---

[7] *Cf. Robinson v. Kroger Co.*, 268 Ga. 735, 748 (1997) ("the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary

relevant question of Plaintiff's knowledge under Georgia law is whether a reasonable inspection would reveal the hazard—in this case the package. And, as Plaintiff's own recreation of the scene of the fall reflects, the package is plainly, palpably, and undisputable conspicuous and observable if anyone were to look—let alone if anyone were to conduct an inspection. DSF 22. Thus, as a matter of Georgia law, Plaintiff is imputed with constructive knowledge of the package because a reasonable inspection—indeed, just a glance at her feet— would have revealed any purported hazard posed by the package. *Cocklin v. JC Penny Corp.*, 296 Ga.App. 179 (2009) (constructive knowledge arises "where the owner or occupier had an opportunity to discover the dangerous condition and remedy it"). Because Plaintiff is imputed with knowledge of the hazard that is equal to if not greater than the United States, Plaintiff cannot recover.[8]

_____

adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed"). Although Plaintiff had constructive knowledge of the package as a matter of law, Plaintiff's willful blindness to the danger posed by the package further warrants summary judgment because the facts are not in dispute, and the placement of the package is plain and palpable based on Plaintiff's own recreation of the purported scene of the fall. DSF 18-22.

[8] O.C.G.A. § 51-11-7; *Brown v. W.R.I. Retail Pool I, L.P.*, No. 1:13-CV-378-ELR, 2015 WL 5692157, at *6 (N.D.Ga. May 20, 2015) ("Mrs. Brown had knowledge of the curb which was equal to that of the Defendants, and she could have avoided the step or taken more care in looking where she was going"); *Johnson v. Atlanta Housing Auth.*, 243 Ga.App. 157, 160 (2000) (where plaintiff knew of dangers in sitting on a bench at night in front of public housing where prior shootings had

## C.     Plaintiff Cannot Recover for Unspecified Pain and Suffering

At a minimum, even if the FTCA permitted her claim to go forward (it does not), Plaintiff may not recover $50,000 for any unspecified pain and suffering (DSF 23) because Plaintiff cannot establish any proximate cause between the fall on July 26, 2014 and her purported pain and suffering. During her deposition, Plaintiff conceded that her pain from the July 26, 2014 was "well controlled" by oral medications by the following day. DSF 24. Plaintiff was instructed to go to an emergency department if she experienced "fevers greater than 101 and pain not well controlled with oral medications, lethargy, blurry vision, weakness of the extremities." *Id*. Plaintiff did not go to any emergency

---

occurred on the block, his knowledge of the danger was at least equal to that of housing authority, precluding recovery); *see also Vicente v. United States*, No. 3:14-CV-334, 2015 WL 12684236, at *4 (M.D.Fla. Oct. 15, 2015) ("Ms. Vicente had a 'panoramic view' of the area as she ascended the steps on the date of her fall. The existence of mold, holes, cracks, and chipped pain would have been visible to Ms. Vicente in her view of the stairs and landing, as would the steepness and narrowness of the steps, if these conditions existed as Ms. Vicente contends and the photos referenced in her deposition depict. This is especially true given her status as a regular customer of that Post Office for eight years. As such, the condition of the stairs and landing were open and obvious and should have been known to Ms. Victente. Accordingly, the Post Office had no duty to warn Ms. Vicente of the condition of the stairs and landing.") (internal citations omitted).

department, *i.e.* either Plaintiff failed to follow medical advice or she did not suffer any of the symptoms above following her fall. *Id*.

Therefore, to justify $50,000 in pain and suffering damages, Plaintiff identified a number of ailments of questionable relevance to the July 26, 2014 fall. For example, prior to her fall, Plaintiff suffered a tailbone injury that may have been exacerbated by Plaintiff's fall. DSF 26. Plaintiff also felt the United States should compensate her for knee pain following a partial knee replacement surgery, without identifying any relationship to her July 26, 2014 fall. DSF 27. Most disturbingly, mere weeks after her fall, Plaintiff's "pain and suffering" was apparently so tame that she went dancing at a friend's birthday party, where she fell on wet grass. DSF 25. In other words, Plaintiff was well enough to go dancing but managed to further injure herself. Despite the intervening injury, Plaintiff concludes that the United States is responsible for headaches and back pain that occurred even after the birthday party. In fact, Plaintiff seeks reimbursement from the United States for medical treatment following the birthday mishap. *Id*.

Such hodgepodge of injuries—including from dancing on wet grass following her fall—break any causal link between Plaintiff's purported pain and suffering and the United States. *Hynes v. Cagle,* 264 Ga.App. 367, 369 (2003) ("Where the evidence plainly and manifestly shows that the injury was caused

by the intervening efficient act of a third person, the defendant[s] cannot be held responsible for having produced the injury, and the question is then one of law for determination by the court, and not one of fact for the jury."). Therefore, the court should, at a minimum and in the alternative, enter partial summary judgment on Plaintiff's claim for $50,000 in pain and suffering.

## IV.   CONCLUSION

Plaintiff's core allegation is that a USPS letter carrier negligently placed a package at the front step of Plaintiff's porch causing her to trip and fall over the package. The allegation, however, rests entirely on conjecture because the letter carrier assigned that route on July 26, 2014 avers he would never leave a package at the location alleged. This is not a "he said" versus "she said" scenario because Plaintiff has *no* evidence that the carrier did anything wrong. Rather, Plaintiff concludes from the fact that she saw the package at her feet after she recovered from her fall that the USPS must have caused her fall. The FTCA requires more than mere conjecture to waive sovereign immunity—it requires proof of a negligent act or omission. Furthermore, Plaintiff had equal or greater knowledge of the package as the United States, which as a matter of law, precludes recovery. Therefore, the United States respectfully requests the court enter summary judgment for lack of jurisdiction.

Respectfully submitted on this 27th day of January, 2017.

JOHN A. HORN
UNITED STATES ATTORNEY

/s/ Armen Adzhemyan
ARMEN ADZHEMYAN
ASSISTANT UNITED STATES ATTORNEY
GA Bar: 120079
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
Tel: (404) 581-6000
Fax: (404) 581-6181
Armen.Adzhemyan@usdoj.gov

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

/s/   Armen Adzhemyan
*Assistant United States Attorney*

## CERTIFICATE OF SERVICE

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

> John H. Peavy, Jr.
> PEAVY LAW, LLC
> 563 Spring Street, N.W.
> Atlanta, Georgia 30308
> jay@peavylawllc.com

January 27, 2017

> /s/ Armen Adzhemyan
> _____
> ARMEN ADZHEMYAN
>
> *Assistant United States Attorney*

24