IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

JENNIFER KENNEY,

    PLAINTIFF,

    *v.*

UNITED STATES OF AMERICA,

    DEFENDANT.

Civil Action No. 3:16-CV-27-TCB

## DEFENDANT UNITED STATES OF AMERICA'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1B(1), Defendant United States of America submits the following statement of material facts to which there are no genuine issues to be tried:

**I.    The Discarded Package**

1.  Plaintiff Jennifer Kenney ("Kenney") owned a house located at 525 East College Street, Griffin, Georgia 30224 from December 21, 2004 to July 20, 2015. (Deposition of Jennifer Kenney, filed concurrently herewith, ["Kenney Dep."] 9:5-8, 16-23, 12:5-8; Declaration of Armen Adzhemyan, filed concurrently herewith, ["Adzhemyan Decl."] Exh. 2).

2.  Kenney is an Amazon Prime member and orders packages from Amazon

1

with varying frequency—ranging from one package every two or three months to a package a week. (Kenney Dep. 19:23-20:5).

3. On July 24, 2014, Kenney ordered a poster from Amazon for her work as a speech therapist. The poster arrived on July 26, 2014, in a triangle tube package. The Amazon order confirmation email does not identify a shipper. (Kenney Dep. 19:4-18; 20:6-21:6; 21:15-17; Adzhemyan Decl. Exh. 3).

4. During her deposition, Plaintiff could not identify the specific dimensions of the package. Plaintiff estimated that the triangle sides were 3 to 6 inches per side and the length of the package was approximately 12 inches. Plaintiff also could not recall the weight of the package, but assumed the package "was probably really light" because it was only a poster "but it was heavy, too, in a way because it was, you know, how they reinforce, you know, how some cardboard feels a little heavier." (Kenney Dep. 21:18-22:17). Because Plaintiff discarded the package, the United States cannot examine the package to determine its actual dimensions or weight, including whether a gust of wind could knock the package down. (Adzhemyan Decl. ¶ 17). Nor can the United States examine the package to see if it sustained damage consistent with a person stepping on it. *Id*.

5. On February 5, 2015, Plaintiff photographed the package, as well as the

2

porch area, to approximate the scene just before her alleged fall. (Kenney Dep. 22:21-23:25; Adzhemyan Decl. Exhs. 4, 12, and 13.

6.   On February 19, 2015, Plaintiff retained counsel in connection with her purported fall. (Adzhemyan Decl. Exh. 14 at USPS-KENNEY-000012).

7.   Plaintiff submitted an administrative claim to the USPS for her fall, dated July 14, 2015 and received by the USPS on July 21, 2015. (Adzhemyan Decl. Exh. 14 at USPS-KENNEY-00004).

8.   On July 20, 2015, six days after filing the administrative claim with the USPS, Plaintiff sold the house at 525 East College. (Kenny Dep. 24:7-25:20; Adzhemyan Decl. Exh. 2).

9.   Plaintiff discarded the package when she moved out of 525 East College, that is, around the same time she filed her administrative claim with the USPS. (Kenny Dep. 24:7-25:20).

10. Plaintiff did not "really know" why she got rid of the package so close to the date of the filing of the administrative claim. Plaintiff speculated the package "just got lost in the move. We had a lot of downsizing to do." (Kenny Dep. 24:7-25:20). But Plaintiff still has the poster that was shipped in the package. (Kenny Dep. 24:7-25:20).

**II.    No Evidence of USPS Negligence**

11. Plaintiff's claim is based entirely on the purported negligent placement of the package by a USPS employee on the first step of her porch. (Kenney Dep. 47:5-11, 47:18-48:1, 57:14-17; Adzhemyan Decl. Exh. 9 at Response No. 1). Plaintiff alleges the package was negligently placed because it was hidden from view. (Adzhemyan Decl. Exh. 9 at Response No. 1). However, Plaintiff never looked at the porch step where the package was presumably placed and therefore could not tell during her deposition whether the package was visible or not. (Kenny Dep. 22:21-24:5, 53:7-56:15; Adzhemyan Decl. Exhs. 4, 7, and 8).

12. But, Plaintiff did not see any employee of USPS leave the package at her door step. (Kenney Dep. 50:8-10). Plaintiff could only "assume it would have had to have been the mailman." (Kenney Dep. 47:9-17).

13. The USPS has not left any package in front of Plaintiff's door either before or after this particular package. (Kenney Dep. 31:3-10; 48:2-7). On July 26, 2014, Cleo Chapman was the carrier responsible for the route that included Plaintiff's house. (Declaration of Cleo Chapman, filed concurrently herewith, ¶ 3). Mr. Chapman has never left a package in the position depicted in Plaintiff's photographs because it would pose a tripping hazard. (*Id.* ¶ 4) Other than Plaintiff's administrative claim—filed nearly a year after the fall—Plaintiff never informed the USPS or any letter carrier about the unusual placement of the

4

package on July 26, 2014. (Kenney Dep. 49:10-50:7).

14. Plaintiff did not see her foot touch the package, but she assumes tripping on the package because she saw the package between her legs fifteen minutes after her fall when she regained consciousness. (Kenney Dep. 30:19-31:2, 37:13, 37:20-38:10; 41:10-18).

15. Plaintiff's assumptions are the sole evidence of any purportedly negligent act by the USPS because (i) Plaintiff discarded the actual package and (ii) the photos produced by Plaintiff merely reflect Plaintiff's assumptions—nothing more. (Kenny Dep. 30:19-23, 40:9-41:18; Adzhemyan Decl. Exh. 15 at Response No. 3). Moreover, the photos cannot substitute for the package because the tracking number is illegible from the photos. (Kenney Dep. 22:21-24:5; Adzhemyan Decl. ¶ 6, Exh. 4).

16. Although Plaintiff did not recall windy weather on July 26, 2014, public weather data from the National Weather Service indicates sustained wind speeds between 7 and 9 miles per hour in Griffin, Georgia between 9:15 am and 12:55 pm, *i.e.* during the time of the delivery of the package. (Kenney Dep. 33:1-23; 51:21-52:5; Request for Judicial Notice, filed concurrently herewith, Exh. 1 at 2).

17. Plaintiff could not exclude the possibility of a neighbor or a private carrier affecting the placement of the package. (Kenney Dep. 50:8-24).

### III.    Plaintiff's Own Negligence Caused Her Fall

18. Plaintiff's front door opened into the house, leading to a porch area where the package was allegedly placed. (Kenney Dep. 28:16-30:9; Adzhemyan Decl. Exhs. 5 and 6). A door jamb several inches high separates the inside of Plaintiff's house from the outside porch area. (Kenney Dep. 56:20-57:10; Adzhemyan Decl. Exh. 8). After the door jamb, there is a brick overhang, followed by an initial step that is approximately "five, six inches" high and "five or six inches" wide. (Kenney Dep. 26:12-27:16; Adzhemyan Decl. Exhs. 5, 6, and 8). This initial step is where the package was allegedly placed. (Kenney Dep. 39:20-41:18; Adzhemyan Decl. Exhs. 5 and 6).

19. On July 26, 2014, Plaintiff opened her front door, facing the porch, to go outside. (Kenney Dep. 37:8-12). As was her custom, Plaintiff then backed out over the door jamb, past the brick overhang, and onto the first step "pulling the door behind" her. (Kenney Dep. 37:13-19, 56:20-25). Plaintiff's right foot landed on the step without incident, but Plaintiff assumes her left foot landed on the package causing her to fall back. (Kenney Dep. 39:20-41:18; Adzhemyan Decl. Exhs. 5 and 6).

20. As she exited her house, Plaintiff did not look down to watch her step over from inside the house, and over the door jamb, and over the brick overhang, and

onto the step that is approximately 5 or 6 inches high and 5 or 6 inches wide. (Kenney Dep. 52:10-53:6).

21. Other than exiting her house, Plaintiff does not step backwards on stairs because it "would be dangerous." (Kenney Dep. 42:4-21).

22. Plaintiff's photographs that purportedly recreate the scene of Plaintiff's fall depict the package as plainly visible from inside the house. (Adzhemyan Decl. Exhs. 7 and 8). However, during her deposition Plaintiff would not concede that the package was in fact visible. (Kenney Dep. 53:7-56:15). And in her interrogatory responses, Plaintiff alleges the package was in fact hidden from view. (Adzhemyan Decl. Exh. 9 at 2). Because Plaintiff discarded the package, the Government is unable to recreate the scene of the accident to establish the visibility of the package. (Adzhemyan Decl. ¶ 17).

## IV.   Plaintiff Cannot Recover for Unspecified Pain and Suffering

23. Plaintiff seeks $15,801.22 in medical expenses and another $50,000 in "pain and suffering." (Adzhemyan Decl., Exh. 16; Dkt. 4, ¶ 24 (First Amended Complaint).

24. After her fall, Plaintiff was treated at Spalding Regional Hospital and then transported to Emory University Hospital. Plaintiff was discharged from Emory the day after the fall, on July 27, 2014. (Kenney Dep. 60:23-62:2). Upon discharge

from Emory, Plaintiff's pain was "well controlled" by oral medications. (Kenney Dep. 66:24-67:4). Plaintiff was instructed to go to an emergency department if she developed "fevers greater than 101 and pain not well controlled with oral medications, lethargy, blurry vision, weakness of the extremities." But Plaintiff never returned to an emergency department. (Kenney Dep. 67:5-13).

25. Plaintiff next saw a physician for any "pain" on October 11, 2014. (Adzhemyan Decl., Exh. 11, *id.* Exh. 16). Plaintiff complained "of lower back pain for the past couple of days worse with movement and direct pressure." (Adzhemyan Decl., Exh. 11). Plaintiff told her physician "she was dancing a couple of weeks ago and fell on her bottom but only had pain for a day. Patient also complains of nausea and water diarrhea. No fever or abdominal pain." (*Id.*). Thus, sometime between her fall on July 26, 2014 and October 11, 2014, Plaintiff went to a friend's birthday party where she fell while dancing on slippery grass. (*Id.*; Kenney Dep. 67:20-70:2).

26. Prior to her fall on July 26, 2014, Plaintiff had a tailbone injury from another incident that may or may not have been exacerbated by Plaintiff's fall. (Kenney Dep. 71:5-12).

27. When asked to specify the pain and suffering caused by the fall on July 26, 2014, Plaintiff identified "headaches, very bad headaches" and Plaintiff added,

"my back hurts, my shoulder hurts. I had a knee problem. I don't know if that has anything to do with it. I have a partial knee replacement on my right knee." Plaintiff was not sure if the partial knee replacement, which occurred after her fall, had any relationship to the fall. (Kenney Dep. 71:13-72:11).

### V.    No Foreseeability

28. Even assuming the letter carrier placed the package on the front step as Plaintiff alleges, such placement complies with relevant Postal Regulations, which explicitly permit leaving packages "in an unprotected location, such as a stairway or uncovered porch . . . ." Adzhemyan Decl. Exh. 17.

Respectfully Submitted,

JOHN A. HORN
UNITED STATES ATTORNEY

/s/ Armen Adzhemyan
ARMEN ADZHEMYAN
ASSISTANT UNITED STATES ATTORNEY
GA Bar: 120079
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
Tel: (404) 581-6000
Fax: (404) 581-6181
Armen.Adzhemyan@usdoj.gov

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

/s/   <u>Armen Adzhemyan</u>
*Assistant United States Attorney*

## CERTIFICATE OF SERVICE

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

> John H. Peavy, Jr.
> PEAVY LAW, LLC
> 563 Spring Street, N.W.
> Atlanta, Georgia 30308
> jay@peavylawllc.com

January 27, 2017

> /s/ Armen Adzhemyan
> _____
> ARMEN ADZHEMYAN
>
> *Assistant United States Attorney*

11